**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

DIANE NORWOOD, CAROLYN HOULE,
ANNETTE ARNOLD, BETTY CABLE and
VERA CARTER,                                                  **Case No. 05-CV-924 PAM/RLE**

                        Plaintiffs,

vs.

WYETH, d/b/a WYETH, INC. and
WYETH PHARMACEUTICALS;
PFIZER, INC.; BRISTOL-MYERS SQUIBB
COMPANY; GREENSTONE LTD.; ABBOTT
LABORATORIES; and BARR
LABORATORIES, INC.,

                        Defendants.

## ORDER OF DISMISSAL

On this day, the Stipulation of Dismissal (Docket No. 14) filed by DIANE

NORWOOD, CAROLYN HOULE, ANNETTE ARNOLD, BETTY CABLE and VERA

CARTER, all of the plaintiffs, and BRISTOL-MYERS SQUIBB COMPANY, one of the

defendants n the above-referenced cause, came on for consideration pursuant fo Rule

4(a)(1),Fed.R.Civ.P.

IT IS, THEREFORE, ORDERED that the Stipulation of Dismissal filed by plaintiffs

and defendant Bristol-Myers Squibb Company herein is approved and the claims asserted

against Bristol-Myers Squibb Company by plaintiffs DIANNE NORWOOD, CAROLYN

HOULE, ANNETTE ARNOLD, BETTY CABLE and VERA CARTER are dismissed

subject to the terms of and conditions set forth below:

1. This dismissal is without prejudice at this time, but will become a dismissal with

prejudice in accordance with the provisions of Paragraph 4 below.

2. Between the date of this Order and February 15, 2006, any plaintiff whose case is dismissed herein may move to amend her complaint in this action to reassert a claim against Bristol-Myers Squibb Company, accompanied by (a) a signed consent to the amendment by Bristol-Myers Squibb Company, or (b) a demonstration of evidentiary support and legal basis to assert a claim against Bristol-Myers Squibb Company.

3. If the Court grants a motion to amend that is served and filed within the time limits of Paragraph 2 above, then (a) all defenses to which Bristol-Myers Squibb Company was entitled as of the effective date of the Original Complaint against Bristol-Myers Squibb Company are preserved, and (b) Bristol-Myers Squibb Company may not assert any statute of  limitations defense based solely on the passage of time between the effective date of the Original Complaint against Bristol-Myers Squibb Company and the reassertion of a claim against Bristol-Myers Squibb Company in the Amended Complaint.

4. In the event that the moving plaintiffs do not bring a motion to amend as provided in Paragraph 2, or in the event that the Court denies the motion to amend, this dismissal will automatically become a dismissal with prejudice on February 15, 2006, without further action by the Court.

IT IS FURTHER ORDERED that court costs shall be taxed against the parties incurring same.

IT IS SO ORDERED.

SIGNED this __29th____, day of __August___, 2005

s/Paul A. Magnuson
Paul A. Magnuson
UNITED STATES DISTRICT JUDGE